**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **QUARTZ AUTO TECHNOLOGIES LLC,** § § | | |
| *Plaintiff,* § | | **1:20-CV-00719-ADA** |
| § | | |
| *v.* § | | |
| § | | |
| **LYFT, INC.,** § | | |
| *Defendant.* § | | |
| § | | |

**ORDER**

Came on for consideration is Lyft, Inc.'s Motion to Dismiss against Plaintiff Quartz Auto Technologies LLC. Lyft moved to dismiss Quartz's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and 12(c) on October 9, 2020. ECF No. 46. Quartz filed its response to the motion on October 30, 2020. ECF No. 48. Lyft filed its Reply on November 13, 2020 and Quartz filed its Sur-Reply on November 20, 2020. ECF No. 52 and 53 respectively. The Court held a telephonic hearing on January 19, 2021, during which the Court heard argument on the Lyft's Motion. ECF No. 55. After careful consideration of the party's briefs, oral argument, and the applicable law, the Court **DENIES** Defendant's Motion to Dismiss with respect to infringement pleadings and **GRANTS** Defendant's Motion to Dismiss with respect to improper venue for the '215 Patent.

**I. BACKGROUND**

In February 2020, Plaintiff Quartz filed the instant lawsuit against Lyft alleging direct and induced patent infringement of United States Patent Nos. 6,446,004 ("the '004 patent"); 6,807,464 ("the '464 Patent"); 7,370,085 ("the '085 Patent"); 7,958,215 ("the '215 Patent"); and 9,460,616 ("the '616 Patent") (collectively, the "Patents-in-Suit"). Compl., ECF No. 1. Lyft timely filed a

motion to dismiss Quartz's original complaint, so Quartz agreed to amend its complaint against Lyft to remedy the issues raised in Lyft's initial Motion. ECF No. 40. On September, 18, 2020, Quartz filed its amended complaint. ECF No. 44. Between the original complaint and Quartz's first amended complaint ("FAC"), Quartz shifted from relying on a "Lyft app" to a "Lyft Platform" and addressed issues raised by Lyft's initial motion to dismiss. ECF No. 46 at 1. Quartz's FAC continued to allege direct and indirect infringement of the patents and pleads facts which assert pendent venue in regard to the '215 patent. ECF No. 44 at ¶ 12. In their FAC, Quartz also includes claim-by-claim details identifying specific component's of Lyft's platform that allegedly practices each claim step or supplies each structural claim element, alleges how the accused component corresponds to the claim, and sets forth additional facts in support of alleged. ECF No 48 at ii.

Lyft argues that Quartz's direct infringement allegations are "internally inconsistent" and Quartz fails to meet its burden to plausibly allege induced infringement as a matter of law. ECF No. 46 at 1. Additionally, Lyft argues that Quartz fails to allege proper venue for the '215 Patent by relying on pendent venue. *Id.* at 2. Quartz, in turn, contends that they have provided Lyft with sufficient notice under the applicable case law and the doctrine of pendent venue applies to the '215 patent based on a nucleus of operative facts among the asserted patents in this case. ECF No. 48 at 2.

## II. LEGAL STANDARD

### A. Pleading standard

"Federal Rule of Civil Procedure 8(a)(2) 'generally requires only a plausible "short and plain" statement of the plaintiff's claim,' showing that the plaintiff is entitled to relief." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). To survive a motion for dismissal under 12(b)(6), the plaintiff must state a claim upon which relief may be granted. *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016).

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982)). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Id.* "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "'Specific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the ground upon which it rests.'" *Id.* (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)) (alteration in original) (internal quotation marks omitted). A complaint is insufficient if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). "The pleading standard for a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." Simmons v. Texas, 2010 WL 11601167, at *1 (W.D. Tex. May 14, 2010).

**B. Patent venue**

28 U.S.C. § 1400(b) "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). Under § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc*., Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2. It is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

3

## III. ANALYSIS

**A. Quartz's complaint adequately pleads infringement.**

In its Motion, Lyft's argument distills down into one singular issue: Lyft believes that Quartz's allegations of infringement based on the "Lyft Platform" fail to provide proper notice of "who infringes, what infringes and where the infringement allegations belong." (ECF No. 52 at 1 (emphasis in original)). Lyft's assertion that the Quartz patents are inapplicable to Lyft's so-called "three-party ridesharing" platform is not enough to overcome the high standard required to grant a motion to dismiss. In this case, Quartz adequately provided Lyft with fair notice of the claims and the grounds upon which they rest. Quartz provides infringement allegations on a claim-by-claim basis which specify who and what component of the Lyft Platform is alleged to correspond to each limitation.

Lyft frequently cites to *Centillion Data Systems v. Quest Communications International*'s holding that for a defendant to "use" a system for purposes of infringement, they must control the system as a whole and obtain benefit from it. 631 F.3d 1279, 1284 (Fed. Cir. 2011). Lyft argues that Quartz failed to plausibly allege that any of the three involved entities (Lyft, a driver, and a rider) use each element of the accused system as a whole, Quartz's system claims should be dismissed. ECF No. 46 at 5.

In *Centillion*, Claim 1 of the asserted patent had four elements—three that were part of a "back-end" system maintained by the service provider, and one that was part of a "front-end" system maintained by an end user. 631 F.3d at 1281. The accused products were entire billing systems, however, only two portions of the overall billing systems were relevant to the claims. *Id.* It did not matter that the billing systems had other components.

In this case, Lyft alleges that Quartz must explain how a single entity makes or uses the accused system and how the accused system reads on the claims. But, as Quartz notes in its sur-

4

reply, Quartz acknowledges that they are not accusing the whole Lyft Platform, but instead, only "portions thereof" which comports with *Centillion.* ECF No. 53 at 5. Review of the FAC demonstrates that Quartz's allegations with respect to nearly all claims involve less than all three parts of the Lyft Platform, and such allegations properly provide Lyft with notice of who and what infringe the asserted claims. Thus, Lyft's Motion to Dismiss regarding Quartz's system claims is **DENIED**.

Lyft further argues that Quartz unsuccessfully pled direct infringement of the asserted '004 and '616 patent method claims by not pleading direction and control over the Rider app. ECF No. 52 at 4–5. Quartz does not allege that the Rider app performs any recited step of the asserted '004 or '616 patent method claims; the FAC alleges that certain steps are performed by the Driver app running on the driver's mobile phone, while the remaining steps are performed on Lyft's server(s). ECF No. 53 at 5. Thus, Lyft Motion to Dismiss regarding Quartz's method claims is **DENIED**.

Lyft further asserts that a method claim may only be directly infringed "when someone practices every step of the patented method." ECF No. 52 at 5. A system can perform a method and Quartz's allegations in their FAC are adequate to provide notice of who and what is accused with respect to the method claims. Thus, Lyft's Motion to Dismiss in regard to Quartz's method claims is **DENIED**.

Regarding Quartz's inducement theories with respect to the system claims, Quartz has not waived those claims and has offered to withdraw them. Thus, those claims are considered withdrawn and Lyft's motion to dismiss those claims is ordered **MOOT**.

Lastly, Quartz has plausibly alleged current infringement of the '085 and '616 patents by citing a blog post included in Quartz's FAC. The FAC also adequately supports the allegations of testing within the Western District of Texas. Thus, those portions of Lyft's Motion are **DENIED**.

**B. *TC Heartland*'s guidance is clear that § 1400(b) is the exclusive provision controlling venue in patent infringement proceedings, thus Quartz's '215 patent infringement claim lacks proper venue.**

Under § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Lyft does not deny that original venue does not exist under the above requirements. ECF No. 48 at 16. Thus, Quartz relies solely on pendent jurisdiction to assert proper venue for the '215 patent.

The pendent venue doctrine allows a federal court to hear "pendent claims" which arise out of the same nucleus of operative fact as a properly venued federal claim, even if the venue of the pendent claim otherwise would not lie. *Hsin Ten Enterprise USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000). Quartz argues that pendent venue over the '215 patent is proper in this case because the other four asserted patents are properly venued under the more restrictive provisions of § 1400(b) and there is a common nucleus of operative facts among each of the infringement claims. ECF No. 46 at 16. But, as Lyft correctly points out, the Supreme Court makes clear in *TC Heartland* that § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions" and is not to be supplemented by provisions of the general venue statute. 137 S. Ct. at 1519. Thus, the doctrine cannot be used to circumvent the statute and Quartz's '215 patent infringement claims are **DISMISSED** for lack of proper venue.

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendant's Motion as it relates to Plaintiff's infringement pleadings and **GRANTS** Defendant's Motion as it relates to improper venue for the '215 patent claims.

**SIGNED** this 28th day of March, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE