# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Quartz Auto Technologies LLC,** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**Lyftz, Inc.,** §<br>*Defendant* § | | **Case No. 1:20-cv-00719-ADA** |

## AMENDED ORDER ON JURY SELECTION

By referral of the District Court pursuant to 28 U.S.C. § 636 (Dkt. 299), jury selection will proceed before this Magistrate Judge at **9:30 a.m. Friday, February 27, 2026**, in Courtroom 6 on the Sixth Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701, according to the plan below. Counsel must appear to address any issues concerning jury selection at **9 a.m. Friday, February 27, 2026**.

### Jury Selection Plan

**I.   Welcome**

  A.  Venire seated as shown in attached schematic

  B.  Explanation of purpose of voir dire examination

  C.  Initial instructions

**II.  General Questions (with follow-up questions as needed)**

  A.  Anticipated trial length (5 days): Undue hardship/special problem?

B.  Statement of facts:

> This is a patent infringement case brought by Plaintiff Quartz Auto Technologies LLC against Defendant, Lyft, Inc. Quartz alleges that Lyft's rideshare platform infringes four of its patents for technologies related to ridesharing services. Quartz asserts that the patented technologies improve the performance of Lyft's rideshare platform and enable Lyft to compete effectively in the rideshare application market. Lyft denies that the patented technologies enable those benefits and instead claims that the accused features are a small portion of its overall product. Lyft also contends that the asserted claims in the Quartz patents are invalid or unenforceable.

C.  Counsel, client, and witness introductions: Do you or any immediate family member know any of them? Have you been employed by, heard or read anything, or formed an opinion about them?

D.  Do you have any knowledge of other panel members or the courthouse judges and staff?

E.  Do you know anything about this case? Is there anything about the description that causes you to believe you could not judge this case fairly, with an open mind?

F.  Do you have any interest in the outcome of this litigation?

G.  Have you had any prior jury service?

H.  Have you or any member of your immediate family ever participated in a lawsuit as a party, witness, or in any other capacity?

I.  Do you have any legal training, education, or work experience?

J.  Instructions on evidence and law: Are you able and willing to render a verdict solely on the evidence presented at the trial in the context of the law?

K.  Instruction on burden of proof in civil cases: Are you able to require plaintiffs to prove their case by a preponderance of the evidence and not hold them to a greater or lesser standard of proof?

III. **Specific Questions Requested by Parties (with follow-up questions as needed)**

A.  Have you ever taken a ride using a rideshare application? Was it the Lyft application, or another application?

B.  Have you, a family member, or a close friend ever given a ride as a driver using a rideshare application? Was it the Lyft application, or another application?

C.  Have you ever served on a mock jury or focus group related to patents or ridesharing technology? Did the exercise involve Quartz or Lyft?

    D. Do you have any familiarity with how the U.S. patent system works?

    E. Have you, a relative, or a close friend, had any experience with patents, patented technology, trade secrets, or the United States Patent and Trademark Office?

    F. Do you, or does your employer, rely on patented technology or trade secret information as part of its business?

    G. Do you or someone close to you have any knowledge, training, education, or experience in any of the following fields:
        1. Software development?
        2. Mobile application development?
        3. Vehicle telematics?
        4. Automotive technology?
        5. Data analysis?

    H. Are any of you your family's designated "Tech Person," the one who has to program and set-up new devices and teach them to the rest of the family?

**IV. Questions from Plaintiff's Counsel (20 minutes)**

**V. Questions from Defendant's Counsel (20 minutes)**

**VI. Final Questions by the Court, including any matter for the Court's attention**

**VII. Recess**

    A. Jurors are excused

    B. Attorneys may exercise challenges for cause and four peremptory challenges

    C. Eight jurors are selected

**VIII. Jurors Return to Courtroom**

    A. Stricken jurors are excused

    B. Jury is sworn and preliminary instructions are provided

**SIGNED** on February 17, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE